UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCIS KRAMER and CHRISTINE KRAMER,

    Plaintiff,

v.                    CASE NO:

STANTEC CONSULTING SERVICES INC., a foreign corporation,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, STANTEC CONSULTING SERVICES INC., (hereinafter "Stantec"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 12th Judicial Circuit Court in and for Sarasota County, Florida, Case No. 2020-CA-2127, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.    BACKGROUND

1. On or about May 14, 2020, Plaintiffs, FRANCIS KRAMER and CHRISTINE KRAMER (the "Kramers"), commenced this action by filing a Complaint against Defendant, STANTEC CONSULTING SERVICES INC. ("Stantec") in the 12th Judicial Circuit Court in and for Sarasota County, Florida. *See* Pl.'s Compl. attached as Ex. "A." The Complaint was served on Stantec on May 19, 2020.

2. The Kramers attempt to allege a claim for negligence against Stantec as a result of property damages allegedly sustained on or about 2016 in connection with a construction project.

3. More specifically, the Kramers allege that certain damage occurred to their property located at 5428 Siesta Cove Drive, Sarasota in connection with an engineering project for which Stantec allegedly served as a consulting engineer on behalf of Sarasota County.

4. Plaintiffs' Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is, on information and belief, in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

5. Stantec attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 12th Judicial Circuit of the State of Florida in and for Sarasota County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "B."

6. Stantec reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.     REMOVAL IS TIMELY

7. In accordance with 28 U.S.C. § 1446(b), Stantec files this Notice of Removal within thirty (30) days of the date that it was served with Plaintiffs' Complaint, i.e., on May 20, 2020.

8. Venue exists in the United States District Court for the Middle District of Florida, because the 12th Judicial District in and for Sarasota County, where Plaintiffs filed their Florida State court Complaint against Stantec, is located within the Middle District of Florida.

## III.     THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

9. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

10. Defendant, Stantec Consulting Services Inc., was at the time of the alleged incident, and is currently, a New York corporation.

11. The principal place of business for Defendant, Stantec Consulting Services Inc., is in Broomfield, Colorado.

12. The Kramers are citizens of the State of Florida residing in Sarasota County, Florida, and their Complaint lists them as residing at the property in question, i.e., 5428 Siesta Cove Drive, Sarasota.

13. The 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderhold*, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "[A] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Sunseri v. Macro Cellular*, 412 F. 3d 1247, 1249 (11th Cir. 2005).

14. The Kramer's domicile in Sarasota County, Florida is equivalent to their citizenship for purposes of establishing diversity. *McCormick* at 1257.

15. Because there exists complete diversity between the Kramers and Stantec, who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV.   AMOUNT IN CONTROVERSY

16. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

17. Although the Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "with damages in excess of the jurisdictional

requirement of this Court, exclusive of attorney's fees and costs" (Ex. A, ¶1) – a review of the full Complaint and Stantec's current knowledge of this dispute indicate that the claimed amount in controversy exceeds $75,000.

18. The Kramers allege in their Complaint that as a direct and proximate result of the negligence of Stantec, Plaintiffs: (i) "Sustained damages including but not limited to damages for repair (Ex. A, ¶34); and (ii) "lost substantial value because of the structural damages cause [sic] by Stantec's negligent engineering work" (Ex. A. ¶35).

19. According to the Sarasota County property Appraiser's database, the Kramer's underlying property is a 3,800+ square foot home on the water assessed at over $1.5 million. A printout of this database entry is attached hereto as "Ex. C".

20. Although the Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, a review of the Kramers' alleged damages indicates that they claimed damages exceed the $75,000.00 jurisdictional minimum in this Court.

21. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

22. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc*., 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition

4

if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000).

23. Thus, considering all of the information, the matter exceeds the $75,000 amount-in-controversy requirement. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

## V. CONCLUSION

Because there exists complete diversity between the Kramers and Stantec who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Stantec will promptly give written notice to the Kramers, through their attorneys of record, and the Clerk of the Circuit Court for the 12th Judicial Circuit in and for Sarasota County, Florida.

**WHEREFORE**, Defendant, STANTEC CONSULTING SERVICES INC., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-2127, on the docket of the Court for the 12th Judicial Circuit in and for Sarasota County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Stantec is entitled.

Respectfully submitted,

/s/ *Michael J. Corso*
Michael J. Corso
Luca L. Hickman

I HEREBY CERTIFY that on June 8, 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Morgan R. Bentley, Esquire
FBN:  0962287
Brian D. Goodrich, Esquire
FBN:  0106948
BENTLEY & BRUNING, P.A.
783 South Orange Avenue, Suite 300
Sarasota, FL  34236
Tel:  941.556.9030
Fax:  941.312.5316
mbentley@bentleyandbruning.com
bgoodrich@bentleyandbruning.com
jbradley@bentleyandbruning.com
Attorney for Plaintiff

/s/ *Michael J. Corso*
Michael J. Corso
FL Bar No. 228729
Luca L. Hickman
FL Bar No. 118731
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone:  239.344.1263
Fax:  239.344.1539
*Attorneys for Defendant*
michael.corso@henlaw.com
sherry.zellner@henlaw.com
luca.hickman@henlaw.com
susan.peters@henlaw.com