UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCIS KRAMER and CHRISTINE KRAMER,

    Plaintiff,

v.                                CASE NO:  8:20-cv-01304-TPB-CPT

STANTEC CONSULTING SERVICES, INC., a foreign corporation

    Defendants.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant STANTEC CONSULTING SERVICES, INC. ("Defendant"), by and through the undersigned counsel, and hereby files this Answer and Affirmative Defenses to Plaintiffs FRANCIS KRAMER and CHRISTINE KRAMER's ("Plaintiffs / Kramers") Complaint, and states as follows:

1. Defendant admits the allegations contained in paragraph 1 for jurisdictional purposes only, otherwise denied.

2. Defendant is without knowledge and accordingly denies the allegations contained in paragraph 2.

3. Admitted.

4. Defendant admits the allegations contained in paragraph 4 for venue purposes only, otherwise denied.

5. Defendant admits the allegations contained in paragraph 5 for jurisdictional purposes only, otherwise denied.

6. Defendant is without knowledge and accordingly denies the allegations contained in paragraph 6.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Defendant is without knowledge and accordingly denies the allegations contained in paragraph 14.

15. Denied.

16. Defendant is without knowledge and accordingly denies the allegations contained in paragraph 16.

17. Admitted that Southern Underground ran into what they deemed an obstruction and, at Stantec's request, Southern Underground continued turning the casing for a period of time, otherwise denied.

18. Admitted that Stantec received complaints from the Kramers concerning vibration in the Property, otherwise denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted that the Kramers complained about noise and vibrations, otherwise denied.

25. Denied.

26. Defendant is without knowledge and accordingly denies the allegations contained in paragraph 26.

27. Defendant is without knowledge and accordingly denies the allegations contained in paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## AFFIRMATIVE DEFENSES

36. **First Affirmative Defense:** Defendant affirmatively alleges that on or about April 27, 2020, Plaintiffs entered into a written settlement agreement with Southern Underground Industries, Inc. (the underlying general contractor), Centerline Directional Drilling Service, Inc. (the drilling subcontractor) and Sarasota County, Florida (the project owner) (collectively, the "Released Parties"). A redacted copy of this settlement agreement is attached hereto as **Exhibit A**. Under the terms of this settlement agreement, Plaintiffs released the Released Parties –

including all "agents" of the Released Parties – from any and all liability arising from the underlying drilling project and any alleged resulting damage thereto to the Plaintiff's property. Inasmuch as Defendant was acting as an agent of Sarasota County, Florida in connection with the drilling project, Defendant is covered by the terms of this Settlement Agreement, barring the instant suit.

37. **Second Affirmative Defense:** Defendant affirmatively alleges that Defendant is entitled to a set off of all payments received by Plaintiffs from any collateral source including, without limitation, all payments from Southern Underground Industries, Inc.

38. **Third Affirmative Defense:** Defendant affirmatively asserts that to the extent the Plaintiffs allege claims to which apportionment applies, Defendant is entitled to an apportionment of damages in relation to the degree of fault of all persons or entities, pursuant to Fabre v. Marin, 623 So.2d 1182 (Fla. 1993) and Fla. Stat. § 768.81. Pursuant thereto, any damages awarded to Plaintiffs are subject to apportionment by the jury of the total fault of all participants in the circumstances. Defendant gives notice of its intention to assert the liability, negligence, and fault of non-parties who are not a present party to this lawsuit including, but not limited to: Southern Underground Industries, Inc. (the underlying general contractor), Centerline Directional Drilling Service, Inc. (the drilling subcontractor) and / or Sarasota County Florida (the project owner). Defendant requests an apportionment by the jury of the non-parties' liability, negligence, and fault. Additionally, Defendant reserves the right to specifically amend this affirmative defense as discovery continues and non-parties are identified.

39. **Fourth Affirmative Defense:** Defendant affirmatively alleges that the Plaintiff has failed to mitigate its damages alleged in the Complaint and/or the damages alleged by the Plaintiff are speculative in nature.

40. **Fifth Affirmative Defense**: Plaintiffs claims are barred in whole or in part by the doctrine of spoliation of evidence to the extent that the destruction or removal of work related to the underlying drilling project was not available for inspection by Defendant.

41. **Sixth Affirmative Defense**: Defendant is entitled to a set-off for any alleged remediation that has or will result in the betterment to the subject property beyond the original condition of the property prior to the underlying drilling project.

42. **Seventh Affirmative Defense**: Plaintiffs claims against Defendant are barred or diminished by the Economic Waste Doctrine as set forth in Grossman Holdings v. Hourihan, 414, So. 2d 1037 (Fla. 1982).

43. **Eighth Affirmative Defense**: Defendant affirmatively alleges that any professional services that it rendered on the subject project were performed in accordance with the applicable contract documents between Defendant and Sarasota County Florida, which is subject to the terms, conditions and limitations conditioned therein.

44. **Ninth Affirmative Defense**: Defendant affirmatively alleges that it was not the owner of the underlying project (rather, Sarasota County, Florida was the owner), and Defendant had no right to stop work on the project, as that authority was solely within the project owner's control and direction, i.e., within the control and direction of Sarasota County, Florida.

45. **Tenth Affirmative Defense**: Defendant affirmatively alleges that Defendant had no supervisory authority over the underlying work or over the contractor and subcontractor performing the drilling operation, namely: (a) Southern Underground Industries, Inc. (the underlying general contractor) or its employees; and/or (b) Centerline Directional Drilling Service, Inc. (the drilling subcontractor) or its employees;

46. **Eleventh Affirmative Defense:** Defendant affirmatively alleges that, at all times material hereto, Defendant complied with all applicable building codes and industry standards.

          Respectfully submitted,

          **/s/Luca L. Hickman**
          Michael J. Corso
          Luca L. Hickman

I HEREBY CERTIFY that on August 6, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a copy of the foregoing to the following:

Morgan R. Bentley, Esquire
FBN: 0962287
Brian D. Goodrich, Esquire
FBN: 0106948
BENTLEY & BRUNING, P.A.
783 South Orange Avenue, Suite 300
Sarasota, FL 34236
Telephone: 941.556.9030
Facsimile: 941.312.5316
mbentley@bentleyandbruning.com
bgoodrich@bentleyandbruning.com
Attorneys for Plaintiff

          **/s/Luca L. Hickman**
          MICHAEL J. CORSO
          Florida Bar No. 228729
          LUCA L. HICKMAN
          Florida Bar No. 118731
          Henderson, Franklin, Starnes & Holt, PA
          Post Office Box 280
          Fort Myers, Florida 33902-0280
          Telephone: 239.344.1170
          Fax: 239.344.1525
          Attorneys for Defendant
          michael.corso@henlaw.com
          sherry.zellner@henlaw.com
          luca.hickman@henlaw.com
          susan.peters@henlaw.com

# Exhibit A




# GENERAL RELEASE

The undersigned parties to this Release, to wit: FRANCIS J KRAMER AND CHRISTINE KRAMER, individually and as husband and wife, AND KRAMER FAMILY LIVING TRUST (hereinafter collectively referred to as the "Releasor"), SOUTHERN UNDERGROUND INDUSTRIES INC, SARASOTA COUNTY, FLORIDA, CENTERLINE DIRECTIONAL DRILLING SERVICE INC, and FCCI Insurance Company (hereafter collectively referred to as the "Releasee") hereby agree as follows:

WHEREAS, Releasor has filed a claim against Releasees due to an accident, incident or loss occurring on or about August 18, 2016 at ▮▮▮▮▮▮▮▮▮▮ in Sarasota County, FLORIDA (hereafter "the Occurrence");

WHEREAS, the parties wish to compromise and settle all claims each may have against the other as a result of the Occurrence;

NOW, THEREFORE, the parties agree as follows:

## SCOPE OF RELEASE

Releasor, for and on behalf of each and all of his/her/their respective present, former, and future successors, heirs, executors, administrators, guarantors, attorneys, representatives, insurers and assigns (all of whom are also hereinafter collectively referred to as the "Releasor"), for and in consideration of the sum of $▮▮▮▮▮▮▮▮▮▮ and other good and valuable consideration, the receipt and sufficiency of which is ▮▮▮▮▮▮▮▮▮▮ hereby acknowledged, does hereby release, acquit, and forever discharge Releasee(s), and if Releasee(s) is/are a corporation, all of its respective present, former and affiliated and subsidiary corporations, divisions and associations, and each and all of its present, former and future officers, directors, trustees, agents, employees, insurers, executors, personal representatives, managers, predecessors, successors, representatives and assigns (all of whom are also hereafter collectively referred to as the "Releasee(s)") of and from any and all claims, demands, contracts, leases, guaranties, covenants, suits, causes of action, obligations, controversies, debts, costs, accounts, damages, judgments, losses and liabilities of whatever kind or nature, in law, equity, statutory or otherwise, whether known or unknown, which against them, or any of them, Releasor(s) now has, had, may have had, or can, shall or may have which were or might or could have been asserted in connection with, arising out of or in any way relating to the Occurrence.

It is the intent of the undersigned Releasor that this is a general, complete, full, comprehensive and final release of any and all liability of the parties released herein arising from or out of any act performed or omitted by, or on behalf of the parties released herein prior to the date hereof, in any way relating to the Occurrence.

## OWNERSHIP OF CAUSES OF ACTION

The undersigned Releasor hereby expressly warrants, represents and covenants to the parties released herein that Releasor is presently the legal owner and holder of the claims or causes of action released hereby, and that it has not heretofore expressly or impliedly assigned, transferred, pledged or otherwise disposed of any such rights, claims, demands, or causes of action being described herein and released hereby.

## SATISFACTION OF LIENS

The undersigned Releasor further declare and represent that any and all hospital liens, worker's compensation liens, repairmen liens, attorney's liens, governmental liens and/or subrogation rights possessed by any third party have been settled or released and that the undersigned hereby expressly agree to hold harmless and indemnify the Releasee(s) from any such liens or any action brought on account of such liens or subrogation rights, whether or not said actions allege or show negligence on the part of Releasee(s) in determining the existence or validity of any such liens, said indemnification to include without limitation the amount of the lien(s) and Releasee(s) attorney's fees expended in defending any such actions. Releasor(s) hereby agree(s) that the proceeds of this settlement will be used to satisfy any such liens.

RELEASOR'S INITIALS

1-CMOT-7646-NA-04, 9/16

Page 1 of 3

**ENTIRE AGREEMENT**

The undersigned further declares and represents that no promise, inducement, or agreement not herein expressed has been made to the undersigned, and that this Release contains the entire agreement between the parties hereto and supersedes any prior oral or written agreements between the parties, and that the terms of the Release are contractual and not a mere recital.

The undersigned has read the foregoing Release and fully understands it.

Executed in _Sarasota_, _Sarasota_ County, _Florida_ this _27th_ day of _April_, 20_20_.

_Francis J. Kramer_
FRANCIS J KRAMER, Releasor individually and as husband and wife

_Francis J. Kramer_
PRINT OR TYPE NAME

_Christine Kramer_
CHRISTINE KRAMER, Releasor individually and as husband and wife

_CHRISTINE KRAMER_
PRINT OR TYPE NAME

_Francis J Kramer      Christine Kramer_
Releasor on behalf of Kramer Family Living Trust

_Francis J. Kramer      Christine Kramer_
PRINT OR TYPE NAME

County of _Florida_
State of _Sarasota_

BEFORE ME, the undersigned authority, personally appeared, _Francis J. Kramer & Christine Kramer_ who, after being duly cautioned and sworn, depose(s) and say(s) he/she/they has/have read the above Release and that he/she/they has/have set his/her/their hand(s) and seal(s) thereto for the purposes therein expressed.

The foregoing instrument was acknowledged before me this _27_ day of _April_, 20_20_ by _Francis J Kramer & Christine Kramer_;

_✓_ Who is/are personally known to me or
___ Who produced the following identification _____ and
___ Who did take an oath or
___ Who did not take an oath.

JENNIFER MERRICK
State of Florida-Notary Public
Commission # GG 183167
My Commission Expires
May 26, 2020

_[signature]_
SIGNATURE OF NOTARY

PRINT OR TYPE NAME OF NOTARY

My Commission Expires: _____

(NOTARY SEAL)

**Applicable in Alabama:** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or who knowingly presents false information in an application for insurance is guilty of a crime and may be subject to restitution fines or confinement in prison, or any combination thereof.

**Applicable in Arkansas:** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

**Applicable in Florida:** Any person who, knowingly and with intent to injure, defraud or deceive any employer or employee, insurance company or self insured program, files a statement of claim containing any false or misleading information is guilty of a felony of the third degree.

**Applicable in Georgia:** In accordance with O.C.G.A. s. 33-7-12, insurer notifies the third party claimant that the insurer does not have the written consent of its insured to the settlement described in the Release and such insured is not thereby precluded from the further assertion of claims against the third party claimant arising out of the incident or occurrence described in the Release.

**Applicable in Illinois:** A person commits the offense of insurance fraud when he or she knowingly obtains, attempts to obtain, or causes to be obtained, by deception, control over the property of an insurance company or self-insured entity by the making of a false claim or by causing a false claim to be made on any policy of insurance issued by an insurance company or by the making of a false claim to a self-insured entity, intending to deprive an insurance company or self-insured entity permanently of the use and benefit of that property.

**Applicable in Indiana:** A person who knowingly and with intent to defraud an insurer, files a statement of claim containing any false, incomplete, or misleading information commits a felony.

**Applicable in Kentucky:** Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

**Applicable in Louisiana:** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

**Applicable in Maryland:** Any person who knowingly or willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly or willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

**Applicable in Missouri:** A person commits a fraudulent insurance act if such person knowingly presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an insurer, purported insurer, broker, or any agent thereof, any oral or written statement including computer generated documents as part of, or in support of, an application for the issuance of, or the rating of, an insurance policy for commercial or personal insurance, or a claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance, which such person knows to contain materially false information concerning any fact material thereto or if such person conceals, for the purpose of misleading another, information concerning any fact material thereto.

**Applicable in North Carolina:** Any person who, with the intent to injure, defraud, or deceive an insurer or insurance claimant:
(1) Presents or causes to be presented a written or oral statement, including computer-generated documents as part of, in support of, or in opposition to, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains false or misleading information concerning any fact or matter material to the claim, or
(2) Assists, abets, solicits, or conspires with another person to prepare or make any written or oral statement that is intended to be presented to an insurer or insurance claimant in connection with, in support of, or in opposition to, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains false or misleading information concerning a fact or matter material to the claim is guilty of a Class H felony.

**Applicable in Ohio:** Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing false or deceptive statements, is guilty of insurance fraud.

**Applicable in South Carolina:** A person who knowingly makes a false statement or misrepresentation, and any other person knowingly, with an intent to injure, defraud, or deceive, or who assists, abets, solicits, or conspires with a person to make a false statement or misrepresentation, is guilty of a misdemeanor or felony, depending upon the circumstances.

**Applicable in Tennessee:** It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

**Applicable in Texas:** Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

**Applicable in Virginia:** It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

**Applicable in Washington D.C.:** WARNING: It is a crime to provide false or misleading information to an insurer for the purpose of defrauding the insurer or any other person. Penalties include imprisonment and/or fines. In addition, an insurer may deny insurance benefits, if false information materially related to a claim was provided by the applicant.

**Applicable in Other States:** Please Note: Some state laws require that we advise all claimants of the following: Under most state laws, a person who knowingly and with the intent to defraud an insurance company submits a claim or documentation in support of a claim containing materially false, incomplete or misleading information, commits a fraudulent insurance act, which is a crime and may subject the person to criminal and/or civil penalties.